(66 App. Div. 569.)

### STOKES v. MORNING JOURNAL ASS'N.

(Supreme Court, Appellate Division, First Department.   December 6, 1901.)

1. LIBEL—OWNERSHIP OF NEWSPAPER—QUESTION FOR JURY.
    Where the evidence in a suit for libel was conflicting as to the ownership of the newspaper containing the alleged libelous article, the question of ownership was for the jury.
2. SAME—IDENTITY OF PLAINTIFF WITH PERSON REFERRED TO.
    Where a libelous article did not name plaintiff, the question as to whether he was the person intended was for the jury.
3. SAME—EVIDENCE.
    Where a libelous article did not name plaintiff, testimony of witnesses that they identified plaintiff as the person referred to was incompetent.

Appeal from trial term, New York county.

Action by William E. D. Stokes against the Morning Journal Association.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. J. Shearn, for appellant.

Jno. J. Adams, for respondent.

HATCH, J.   This is an action to recover damages for the publication of an alleged libelous article printed in the New York Journal

& Advertiser, in which, as it is averred, the plaintiff was charged with having beaten his wife at a hotel in Paris, and having been locked up overnight, and that the wife was going to get a divorce. No names are mentioned in the article, but the plaintiff claims that it refers to him. The defendant denied that it published the article, and also denied that the article was published of and concerning the plaintiff. The court charged the jury, as matter of law, that the newspaper in which the article was published was owned and published by the defendant, and that the article referred to the plaintiff, leaving to the jury only the question of damages. The verdict is for $10,000.

Evidence was given upon the trial tending to show that the articles complained of were not published by the defendant. The testimony bearing upon this subject was to the effect that the defendant had transferred its newspaper and all of its property and assets, prior to the publication, to the Star Company, and that it at the time was the owner and publisher of the newspaper in which the article appeared. Issue was joined upon this subject in the testimony, and plaintiff gave evidence tending to establish that the defendant was the publisher of the newspaper at the time the libel was published. It is undoubtedly true that the evidence given upon this subject would have authorized the jury to find that the defendant was the publisher of the newspaper at the time when the article appeared, and that the transfer to the Star Company was merely colorable, and not real. It is equally true that the jury was authorized to find that a transfer of the newspaper at the time of the publication of the libel had been made to the Star Company. Under such circumstances, it is clear, beyond debate, that it became a question of fact, which could only be solved by the jury, as to whether or not the defendant published the libel. The court, however, held, as matter of law, that the defendant published the article, and refused to submit such question to the jury upon request by the defendant, to which ruling an exception was taken. Nothing more is needed to show that this was error than the bare statement of the question. As the article in question did not name the plaintiff, therefore, whether he was the person intended became a question of fact for the jury. Van Vechten v. Hopkins, 5 Johns. 211, 4 Am. Dec. 339; Ryckman v. Delavan, 25 Wend. 186; Townsh. Sland. & L. § 375a; Sanderson v. Caldwell, 45 N. Y. 398, 6 Am. Rep. 105.

The article, however, made reference to and described several conditions which it is claimed could only have had reference to the plaintiff, and no other person. In the absence of extraneous proof, no such certain conclusion was authorized from the article as a whole. It was quite competent for the plaintiff to have given proof showing that the particular circumstances to which the article adverted were descriptive of the plaintiff and his surroundings, and also of his wife, to whom the article referred; and undoubtedly, under such proof, the jury would have been authorized to find that the article intended to, and did, refer to the plaintiff and his wife, and to no other persons. The plaintiff recognized his obligation to make proof in this regard. He called witnesses, and asked of them

who they identified as the person to whom the article referred. Objection was made to this testimony upon specific grounds. The court overruled the objection, and permitted the witnesses to answer, and they answered that they understood that it referred to the plaintiff. This was error. In People v. Parr, 42 Hun, 313, a precisely similar question arose, and precisely similar testimony was offered, and received under objection. In disposing of the case the court held that the question of identity was not a matter of testimony for experts, nor for the expression of opinion, saying:

"If this kind of testimony was proper, then the defendant could have called witnesses to testify that they did not recognize Openheim as the person referred to, but such testimony would be plainly improper."

Not only was the testimony improper, but the court held, as matter of law, that the publication referred to the plaintiff, and refused to submit such question to the jury, although requested so to do. This ruling constituted error.

This publication, if untrue and it referred to the plaintiff, constituted a gross libel, and warranted the judgment which has been rendered, but the questions to which we have made reference are so palpably erroneous as to call for a reversal of the judgment.

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.